**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-02122-STV

DANIEL ROOD,
CHRISTOPHER ABAIRE, and,
FLOYD SMITH, individuals, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

PAMELA K. BRUMMIT, an individual,
d/b/a COLORADO PROFESSIONAL SECURITY SERVICES, COPSS, LLC,
registered trade name, and
ROBERT ROGERS, an individual,

    Defendants.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

This matter is before the Court on Defendants' Motion to Set Aside Default Judgment [#36] (the "Motion").[1] The Motion is before the Court on the Parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment [#16, 17]. This Court has carefully considered the Motion and related briefing, the case file, and the applicable case law, and has

---

[1] Although Defendants styled the Motion as one to set aside "Default Judgment," no judgment has yet been entered on the defaults pursuant to Federal Rule of Civil Procedure 55(b). Instead, Plaintiffs moved for—and the Clerk of Court entered—defaults pursuant to Federal Rule of Civil Procedure 55(a). "Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment." *Watkins v. Donnelly*, 551 Fed. App'x 953, 958 (10th Cir. 2014).

determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, I **GRANT** the Motion.

I.     **Background**

On August 22, 2016, Plaintiffs filed their initial Complaint. [#1] Before the deadline to Answer, Plaintiffs filed an Amended Complaint. [#6] All defendants except Robert Rogers answered the Amended Complaint on October 6, 2016 [#13] and Rogers answer the Amended Complaint on October 20, 2016 [#15]. Counsel for all parties attended and participated in the Scheduling Conference conducted on November 14, 2016. [#20]

On November 17, 2016, Plaintiffs filed a Motion for Leave to Amend Complaint. [#22] This Court granted that motion on December 13, 2016. [#24] Plaintiffs filed their Second Amended Complaint on December 19, 2016. [#26] Pursuant to Federal Rule of Civil Procedure 15(a)(3), Defendants' response to the Second Amended Complaint was due 14 days after service of the amended pleading. Because counsel for Defendants had already appeared in the action, service was accomplished once the Second Amended Complaint was filed on the Court's electronic filing system. [#26 at 22; *see* Fed. R. Civ. P. 5; D.C.COLO.LCivR 5.1(d)].

As of February 6, 2017, Defendants had not answered or otherwise responded to the Second Amended Complaint and thus Plaintiffs moved for entry of default as to all Defendants. [#31] On February 9, 2017, the Clerk of Court entered default against Colorado Professional Services, Inc. [#32] The Clerk did not enter default as to the remaining Defendants because Plaintiffs had failed to submit an affidavit concerning those Defendants' military status as required by the Service Members Civil Relief Act.

[#33] That same day, Plaintiffs' counsel submitted the required affidavit [#34], and the Clerk entered default against the remaining Defendants on the following day [#35].

On that same day, February 10, 2017, Defendants filed the instant Motion. [#36] As detailed further below, Defendants explained that their counsel had fallen ill immediately after the Second Amended Complaint was filed, and that illness contributed to Defendants' failure to answer. [*Id.*] Plaintiffs filed their Response to the Motion on February 13, 2017. [#38]

**II.   Analysis**

Courts "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed. App'x 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992)). The Tenth Circuit has upheld a district court's decision to set aside an entry of default when the defendants' failure to answer was the result of negligence, as opposed to willful disregard. *See Watkins*, 551 Fed. App'x at 958. Indeed, the Tenth Circuit has expressed a strong preference for deciding cases on the merits as opposed to default. *See Rains v. Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991).

Weighing these factors, the Court determines that the entry of default should be set aside. First, Defendants' failure to answer was the result of negligence, not willful disregard. Defendants answered the Amended Complaint in this matter [#13, 15] and attended the Scheduling Conference [#20]. The Second Amended Complaint was filed

on December 19, 2016. [#26] The following day, Defendants' counsel was unable to work and was admitted to the hospital in the early morning hours of December 21, 2016. [#36 at 2] Defendants' counsel underwent heart surgery the next day. [*Id.*] Complications from that surgery persisted through January 16, 2017. [*Id.* at 3] Defendants' counsel asserts that he communicated these issues with Plaintiff's counsel on January 13, 2016, and Plaintiff's counsel stated that he would not be enforcing any of the deadlines due to the illness. [*Id.* at 4] Plaintiff's counsel disputes at least some of these contentions and asserts that Defendants' counsel stated that he was "fine now" in a January 6, 2017 email to Plaintiffs' counsel. [#31 at 3]

Based on these representations, it appears that the failure to answer was the result of negligence, as opposed to willful disregard. Defendants' counsel was ill for some of the time involved. While it does appear that Defendants' counsel had returned to work by January 16, 2017 and still did not answer by February 6, 2017, nothing suggests that this failure to answer was willful.

Second, Plaintiffs have not even alleged, let alone demonstrated, any prejudice. Nor can the Court imagine any prejudice to Plaintiffs. Plaintiffs concede that Defendants continued to participate in discovery during the period after the response to the Second Amended Complaint was due [#31 at 4-5] and Defendants filed the instant Motion the same day that default was entered against the individual defendants. Moreover, the Court issues this Order setting aside the default within a week of the entry of default and before entry of a default judgment. Accordingly, this factor too supports setting aside the entry of default.

5

Finally, with respect to the merits of the defense, Defendants largely dispute Plaintiffs' factual allegations. [#36 at 5-6] Resolving such issues would require this Court to engage in a "thorough inquiry ill suited to resolving a motion to set aside." *Sec. Nat'l Mortg. Co. v. Head*, 13-cv-03020-PAB-BNB, 2014 WL 4627483, at *3 (D. Colo. Sept. 15, 2014). Thus, this third factor also supports setting aside the entries of default.

For the reasons stated above, it is **ORDERED** that Plaintiff's Motion to Set Aside Default Judgment [#36] is **GRANTED**. The defaults entered against defendants [#32, 35] are **VACATED**. Defendants shall have until **March 1, 2017** to answer or otherwise respond to the Second Amended Complaint.

DATED: February 15, 2017    BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge